UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 03-CR-331 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| ELIU LORENZANA-CORDON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S MOTION FOR A COMPLEX CASE DESIGNATION AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

### I. Introduction

The Government respectfully submits this motion to have the above-captioned matter designated as a complex case, as well as exclude time from the calculation of the date by which the above-named Defendant must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 for a reasonable time before proceeding to trial. As set forth herein, the Speedy Trial Act specifically authorizes the Court to exclude any period of delay resulting from a continuance of the trial date granted for the ends of justice because of the complexity of the case, see 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii).

### II. Procedural History

The related indictments in this case are the product of an extensive and long term and ongoing investigation of an international narcotics trafficking conspiracy to import drugs into the United States conducted by the U.S. Drug Enforcement Administration ("DEA") with assistance from foreign law enforcement authorities in Colombia, El Salvador, Guatemala, Honduras, Mexico, and elsewhere. If this matter were to proceed to trial, the Government intends to prove that the Defendant was a participant in a conspiracy that spanned over a decade and was truly

hemispheric in nature, extending from Colombia all the way to the United States. Since the filing of the initial indictment in March 2003, there have been an additional three superseding indictments charging a total of 18 individuals as members of the conspiracy. The Defendant was named in the Second Superseding Indictment, filed March 10, 2009, as well as the Third Superseding Indictment filed on April 2, 2009, which charged a total of 15 co-defendants. The April 2, 2009 indictment included charges against the Defendant, as well as the Defendant's father, Waldemar Lorenzana-Lima, and his brother Waldemar Lorenzana-Cordon, for (1) conspiracy to import and to distribute 5 kilograms or more of cocaine, knowing and intending it would be imported into the United States, in violation of 21 U.S.C. §§ 952, 959(a), 960 and 963, and (2) manufacturing and distributing 500 kilograms or more of cocaine, knowing and intending it would be imported into the United States, in violation of 21 U.S.C. § 959(a) and 960.

In November 8, 2011, the Defendant was arrested in Guatemala on a provisional arrest warrant based on the Third Superseding Indictment. Following his arrest, the Defendant was extradited to Washington, D.C. on April 30, 2015. The Defendant made his initial appearance before U.S. Magistrate Judge Alan Kay on May 1, 2015. There are additional fugitives in the case.

On November 19, 2014, the Government filed a Motion for Complex Case Designation in co-defendant Waldemar Lorenzana-Cordon's case. On November 21, 2014 the Court orally granted the Government's motion and the Court issued a written order on November 25, 2014. On May 5, 2015, the Court ordered counsel for the Government, the Defendant and co-defendant Waldemar Lorenzana-Cordon to file a Joint Status Report by May 28, 2015. The Court further

scheduled a joint status hearing with the Defendant and co-defendant Waldemar Lorenzana-Cordon for June 1, 2015 at 1:00 p.m.

From the moment of the Defendant's arrival into the United States, the Government and counsel for the Defendant were actively engaging in discussions to dispose of this case absent the need for trial. A trial in compliance with the Speedy Trial would have to start by July 10, 2015, absent additional excludable delay.

### III.   Legal Analysis

**A.   The Trial Date Should Be Continued To Further the Ends Of Justice Because Of The Complexity Of The Case**

The Government moves for a complex case designation pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii) due to the number of co-defendants, the complexity of the charged multi-decade international conspiracy charged, the volume of discovery, the majority of which is in a foreign language, and to allow the parties a reasonable amount of time to prepare for the trial.

The Speedy Trial Act authorizes the Court to effectively toll the seventy-day trial period for any period of time by granting a "continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance, the Court must consider, among other factors:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute].

18 U.S.C. § 3161(h)(7)(B)(ii).  This District has previously designated an international narcotics conspiracy case as complex based upon several defendants.  See United States v. Shaw, 510 F.Supp.2d 148, 152 (D.D.C. 2007) (designating a case complex involving an international narcotics conspiracy against seven indicted defendants involved in a seven year conspiracy).  It has further held that under 18 U.S.C. § 3161(h)(8)(A), the court may, on its own motion, grant a continuance that has the effect of tolling the speedy trial clock upon a finding that the "ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." Id. at 152.

      The Government anticipates that the evidence at trial will show that the Defendant was part of a much larger, complex and truly international narcotics conspiracy that spanned well over a decade.  The object of the conspiracy was to distribute narcotics, namely cocaine, knowing and intending that the drugs would be ultimately distributed in the United States.  Part of the evidence will demonstrate that the conspiracy included procuring cocaine from source countries, such as Colombia.  Once obtained, the cocaine was then transported to various transshipment points, including El Salvador and Guatemala, where the Defendant and his family members were responsible for receiving and storing the cocaine in Guatemala until it was transported to Mexico to various Mexican cartels, for ultimate distribution into the United States.  In order to prove the existence of the conspiracy, the Government intends to present at trial the testimony of various witnesses including co-conspirators involved in and working with this drug trafficking organization.  Most of the physical evidence was recovered in foreign countries, and will require the testimony of various foreign witnesses.

Further, in evaluating the complexity of a case as a basis to grant a continuance under 18 U.S.C. § 3161(h)(7)(B)(ii), this District has previously designated international narcotics conspiracy cases as complex based upon the volume of Spanish-language documents that must be translated into English, extensive wiretap evidence requiring translation, foreign witnesses requiring international travel arrangements, and numerosity of defendants. See e.g., United States v. Parga-Rivas, 689 F. Supp. 2d 25, 28 (D.D.C. 2009); United States v. Archbold-Manner, 577 F. Supp. 2d 291, 292 (D.D.C. 2008) (finding the case to be complex based largely on the 10,000 Spanish language documents that were not translated and too voluminous for defense counsel to review before the scheduled trial date, extensive wiretap evidence that must be transcribed and translated from Spanish and Patois into English, physical evidence that was tested by foreign chemists, and the large number of defendants requiring parsing documentary evidence for each defendant.) Furthermore, this Circuit recently held in a case involving an international narcotics conspiracy with multiple defendants, "hundreds of hours of wiretaps (many in Spanish)," and "the absence of certain defendants still awaiting extradition" that "the complexity of the case made a continuance appropriate." United States v. Rice, 746 F.3d 1074, 1078-79 (D.C. Cir. 2014); see also United States v. Lopesierra-Gutierrez, 708 F.3d 193, 203-05 (D.C. Cir. 2013) cert. denied, 134 S. Ct. 330, (2013) (upholding tolling in international narcotics conspiracy given determination of complexity of case when case involved extradition of numerous defendants, collection and translation of foreign evidence, and coordination with foreign witnesses, finding those aspects were "all serious obstacles to a quick resolution"); United States v. Zaitar, 858 F. Supp. 2d 103, 109 (D.D.C. 2012) (Collyer, J.) (finding the case, involving two defendants charged with conspiring to traffic narcotics into the United States, to be a complex case due in

part to the relevant documents and conversations on wiretaps being in foreign languages that required translation to be of value to English speakers);

Further, in an international drug conspiracy involving three co-defendants, United States v. Parga-Rivas, 689 F.Supp. 2d 25 (D.D.C. 2009) (Collyer, J.), Judge Collyer held:

> The evidence in this case is in one or more foreign languages and both written and oral (wiretapped) evidence must be translated into English before it can be of use to either the defense or the prosecution. Witnesses and other pieces of evidence must be brought to the United States for trial, which will require significant international arrangements. It is entirely unreasonable to expect defense counsel to absorb the evidence, share it with his client, consider it so as to provide effective advice, and then determine with Mr. Parga-Rivas how they want to proceed all within seventy days. It is entirely unreasonable, in fact, to expect the Government to produce fully translated copies of the extensive evidence within seventy days for the defense to even begin its consideration and evaluation. This conclusion is within the normal precedent for application of this provision of the Speedy Trial Act. See United States v. Brooks, 697 F.2d 517 (3rd Cir.1982) (9 defendants and 4 counts made the case complex); United States v. Al-Arian, 267 F.Supp.2d 1258 (M.D.Fla. 2003) (19 months continuance based on 21,000 hours of recorded conversations in Arabic, hundreds of boxes of commentary evidence, and voluminous foreign law enforcement materials).

Parga-Rivas, 689 F. Supp.2d at 28.

Similar to those cases, this case should be designated as complex due to the volume of Spanish language documents requiring translation, the extensive wiretap evidence (over 50,000 calls from the judicially authorized wiretap in Guatemala), which will also require translation, foreign witnesses that will require international travel arrangements.

The Government intends to introduce evidence through the testimony of foreign law enforcement who will testify about seizures and overt acts that occurred in Guatemala, El Salvador and elsewhere related to the conspiracy. Again, this will require the attendance of foreign witnesses at trial. The Government also intends to introduce judicially-authorized interceptions of communications between the Defendants related to the transportation of cocaine.

During the course of a parallel Guatemala investigation, over 50,000 calls were intercepted pursuant to a judicially authorized wiretap. These intercepted calls[1] are in Spanish and will need to be translated and transcribed.

In sum, the Government anticipates calling numerous foreign witnesses to testify at trial about acts and seizures that occurred outside of the United States. The Government will also need to submit documentation provided by these witnesses for certified translations from Spanish to English. The coordination of their testimony will be substantial. The process alone of arranging for travel, passports and visas for these foreign witnesses could take, and typically does take, several months. Additionally, the Government anticipates that it will take several months to review, translate and transcribe the intercepted calls.

Accordingly, because of the complex nature of this long-term complex international conspiracy, the Government respectfully submits that the ends of justice would be served by granting a continuance of the trial date, and that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). See also Lopesierra-Gutierrez, 708 F.3d at 203-05; Rice, 746 F.3d at 1078-79 (concluding that an "ends of justice" continuance for additional trial preparation was supported by a complex case given "the large number of defendants, the many hours of wiretaps to be transcribed and translated, and the absence of certain defendants still awaiting extradition"). As such, due to the complexity of the charged conspiracy, the voluminous foreign evidence, and the

---

[1]   The Government will produce the intercepted calls consistent with the Court's instructions regarding discovery at the May 7, 2015 status hearing.

number of foreign witnesses the Government intends to call at trial, this case squarely fits within a finding of a complex case.  See 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii).

### IV. Conclusion

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court grant the instant motion and make a finding designating this case as a complex case pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii), and exclude such period of delay.

Respectfully submitted this 7th day of May, 2015.

ARTHUR WYATT, Chief
Narcotic and Dangerous Drug Section

By:   /s/_____
Amanda N. Liskamm
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
2 Constitution Square
Washington, DC 20005
Main Office: (202) 616-1576
Fax: (202) 514-0483
Amanda.Liskamm@usdoj.gov

9
**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the defendant, this 7th day of May, 2015.

Respectfully submitted,

ARTHUR WYATT, Chief
Narcotic and Dangerous Drug Section

By:   \_/s/_____
Amanda N. Liskamm
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
2 Constitution Square
Washington, DC 20005
Main Office: (202) 616-1576
Fax: (202) 514-0483
Amanda.Liskamm@usdoj.gov