UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>ELIU LORENZANA-CORDON,<br><br>Defendant. | Criminal Action No. 03-331-13 (CKK) |

MEMORANDUM OPINION
(August 24, 2015)

This matter comes before the Court upon Defendant's [598] Motion to Modify Conditions of Pretrial Detention. Upon consideration of the Parties' submissions,[1] case law, and applicable statutory authority, the Court shall DENY Defendant's Motion for the reasons expressed below.

## I.   BACKGROUND

On April 2, 2009, a federal grand jury returned an indictment charging Defendant Eliu Elixander Lorenzana-Cordon with conspiracy to import over five kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 952, 959, 960, and 963. The indictment also carries a criminal forfeiture allegation pursuant to 21 U.S.C. §§ 853 and 970. Defendant remained a fugitive for approximately two-and-a-half years in Guatemala and was arrested on this indictment in Guatemala on November 8, 2011. After fighting extradition for approximately three-and-a-half years, Defendant was extradited to Washington, D.C. on April 30, 2015. Defendant made an initial appearance before Magistrate Judge Alan Kay on May 1, 2015. At the initial appearance, the Government moved to commit Defendant to the custody of the U.S. Attorney General. Defendant

---

[1] Defendant's Motion to Modify Conditions of Pretrial Detention ("Def.'s Mot."), ECF No. [598]; Government's Opposition to Defendant's Motion to Modify Conditions of Pretrial Release ("Gov't. Opp'n"), ECF No. [602]; Defendant's Reply to Government's Opposition to Defendant's Motion to Modify Conditions of Pretrial Detention ("Def.'s Reply"), ECF No. [607].

did not contest pretrial detention at the time and waived his right to a detention hearing. Accordingly, Magistrate Judge Kay ordered Defendant detained. Following the initial appearance, Defendant was paroled into the United States for the purposes of this case and an immigration detainer was placed on Defendant. Defendant has been detained pending trial at the Central Detention Facility of the District of Columbia Department of Corrections.

Defendant filed the present Motion to Modify Conditions of Pretrial Detention on July 7, 2015, requesting less restrictive supervision. Specifically, Defendant requests that he be permitted to be restricted to a local extended stay hotel under the following conditions: (1) electronic monitoring, (2) surrender of passport, (3) reporting to pretrial services, and (4) participation in the high intensity supervision program. Def.'s Mot., at 1. Although Defense Counsel characterizes Defendant's request as a request for "detention outside of a D.C. jail-cell," Def.'s Reply, at 1, Defendant is in fact asking to be released under certain conditions. Accordingly, the Court will review Defendant's Motion as a request for release. As the Government filed its Opposition on July 10, 2015, moving for a permanent order of detention, and Defendant filed a Reply on July 17, 2015, Defendant's Motion is now ripe for the Court's review.

## II.   LEGAL STANDARD

A person ordered detained by a magistrate judge may seek review of the detention order in this Court. 18 U.S.C. § 3145. The Court reviews the detention issue *de novo*. 18 U.S.C. § 3142(e). Pursuant to Section 3142(e)(3)(A) of Title 18 of the United States Code, if there is probable cause to believe the defendant committed an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, the Court presumes—subject to rebuttal by defendant—that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." To determine whether a defendant has overcome this presumption, the Court takes the following factors into consideration

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

### III.   DISCUSSION

#### A. *Nature and circumstances of the offense charged*

Defendant has been charged with a conspiracy to distribute five kilograms or more of cocaine for importation into the United States, subjecting him to a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. Accordingly, the Court presumes that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any person and the community. 18 U.S.C. § 3142(e)(3)(A).

More specifically, from approximately March 1996 to at least November 2007, Defendant is alleged to have been an organizer and leader in an international scheme of cocaine trafficking from Colombia to El Salvador, Guatemala, Mexico, and, ultimately, into the United States with an estimated retail value of more than a billion dollars. Gov't Opp'n, at 3. The Government proffers that once the cocaine reached Guatemala it was "received, inventoried, stored and further distributed for importation into the United States on properties owned and utilized by the [trafficking organization], including the Defendant." *Id.* The trafficking organization would also utilize "cocaine-laden aircraft which would land on clandestine airstrips located on or near properties owned and utilized by the [trafficking organization], including the Defendant, to receive inventory, store, and further distribute the cocaine for importation into the United States." *Id.* The Government further proffers that Defendant

> would personally negotiate, receive loads of cocaine on behalf of the [trafficking organization] on properties owned and utilized by the Defendant, as well as sell these loads of cocaine to other drug traffickers. Further, the Defendant would use warehouses on his property to store and inventory the cocaine for further importation into the United States. The Defendant had multiple responsibilities over the course of the conspiracy, including . . . coordinating, overseeing, and supervising other members of the [trafficking organization] to ensure the safe transportation of shipments of cocaine to Mexican drug traffickers in Guatemala knowing or intending that it would be further distributed to the United States.

*Id.* In addition, the Government anticipates introducing evidence at trial that Defendant and other members of the conspiracy carried weapons during their operations. *Id.* at 4.

Narcotics trafficking is a serious charge and carries with it serious penalties. Defendant faces a mandatory minimum sentence of ten years if convicted and, given his alleged leadership role and the large quantity of narcotics trafficked, he faces an estimated Advisory Guidelines range of life imprisonment. *Id*. at 8 (citing USSG § 2d1.1). Defendant has not pointed to any evidence to rebut this characterization of the nature and circumstances of the offense charged. Such severe penalties provide Defendant a substantial incentive to flee the United States. *See United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (holding that the serious nature and circumstances of the offenses charged against defendant and the punishments provided for those offenses strongly favor detention because of the significant incentive to flee the United States). Accordingly, the Court finds that this factor favors detention.

### B. Weight of the evidence against the Defendant

Where the weight of evidence of guilt is strong, it provides a defendant additional incentive to flee. *See United States v. Medina Coronado*, 588 F. Supp. 2d 3, 4-5 (D.D.C. 2008) (finding detention warranted where government's evidence was strong against the defendant); *see also United States v. Vergara*, 612 F.Supp.2d 36, 37-38 (D.D.C. 2009). Defendant contends that the Government's evidence against Defendant is not strong because it is stale, does not link Defendant to past seizures of narcotics, does not establish Defendant's specific intent to distribute cocaine to

4

the United States, and "relies heavily on cooperating witnesses seeking sentence reductions." Def.'s Reply, at 2. The Court finds, to the contrary, that the Government's evidentiary proffer for the purposes of this motion establishes that the weight of the evidence against Defendant favors detention. The evidence the Government will introduce at trial is not "over 15 years old," as Defendant contends, Def.'s Mot., at 5, but "goes up to and includes 2009," Gov't Opp'n, at 9. In addition, the Government intends to introduce "numerous co-conspirators who will testify about multiple drug transactions that they conducted with the Defendant personally." *Id.* Testimony from these co-conspirators will not be the only evidence introduced by the Government, as the Government will also introduce evidence from "Guatemalan judicially authorized wiretap[s], and the seizure of various drug ledgers, among other evidence." *Id.* To the extent that the Government has not, at this stage, proffered specific evidence as to certain elements of the offense, the Court notes that the indictment alone provides probable cause to believe that Defendant committed the charged offense. *See United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (acknowledging the government's reliance on an indictment to demonstrate probable cause and holding that "the indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community"). Moreover, absent any contradictory evidence from the defendant, the D.C. Circuit has approved the government's use of an evidentiary proffer in support of a Defendant's detention. *See id.* Accordingly, the Court finds that the second factor also weighs in favor of detention.

### C. *History and characteristics of the Defendant*

With regard to the third factor, federal courts have long recognized that "flight to avoid prosecution is particularly high among persons charged with major drug offenses," because "drug traffickers often have established substantial ties outside the United States . . . [and] have both the resources and foreign contacts to escape to other countries." *United States v. Alatishe*, 768 F.2d

364, 370 n.13 (D.C. Cir. 1985) (citing S. Rep. No. 98-225 at 20 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3203)).  Here, Defendant is a Guatemalan citizen who has no immigration status in the United States and no known contacts in the United States other than possibly those involved in the drug trafficking conspiracy.  Gov't Opp'n, at 10.  By contrast, Defendant has extensive contacts in Guatemala and access to substantial amounts of money due to his leadership role in the billion-dollar drug trafficking conspiracy.  Moreover, Defendant previously was a fugitive for two-and-a-half years and the Government proffers that witnesses will testify that Defendant's father previously paid officials to secure Defendant's release from custody.  *Id.* at 2-3, 4.  Although Defendant's father is now detained in the United States, some of Defendant's close family members remain fugitives in this case.  *Id.* at 3. In short, Defendant has the motive and means to flee the United States.

Defendant notes that Defendant's family business is dedicated to agriculture and cattle and "is a proud tradition that sustained hundreds of families that worked for, or based their businesses on the success of the Lorenzana family."  Def.'s Reply, at 4.  Defendant also notes that he is "a respected member of his community and does not present himself to this Court with any allegations of substance abuse" and "no allegations of previous criminal convictions."  *Id.*  Even accepting Defendant's assertions as true, the Court does not find that they change the Court's analysis and finding that Defendant's financial resources and ties to Guatemala increase Defendant's risk of flight.  Accordingly, the Court finds that this factor weighs in favor of detention.  *See Hong Vo*, 978 F. Supp. 2d at 46 (finding detention warranted where defendant had access to substantial assets overseas and connections to Vietnam, demonstrating her ability to flee the United States).

**D.  *Nature and seriousness of the danger to any person or the community***

Finally, federal courts have long recognized that narcotics trafficking and distribution pose a serious danger to the community.  *See, e.g., United States v. McDonald*, 238 F.Supp.2d 182, 186

6

(D.D.C. 2002) ("the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community'" (quoting S. Rep. No. 98-225)). Courts have also recognized that drug traffickers are likely to continue engaging in drug-related activities if released. *See id*. In addition to the danger posed by Defendant given the nature of his crime, the Government also notes that Defendant was arrested with weapons and has been known to bribe Guatemalan officials. Gov't Opp'n, at 12. The Government further proffers that witnesses will testify "that they are fearful for their own and their family's safety."[2] *Id.* at 3. Accordingly, the Court finds this factor weighs in favor of Defendant's detention.

Defendant contends that the release conditions he proposes "would ensure his continued appearance for all court matters," Def.'s Mot., at 4, and cites to two cases where the defendants overcame the statutory presumption in favor of detention at issue here and were released on the condition, among others, that they would be subject to electronic monitoring, *id.* (citing *United States v. Hudspeth*, 143 F.Supp.2d 32 (D.D.C. 2001) and *United States v. Karni*, 298 F.Supp.2d 129 (D.D.C. 2004)). The Court finds the two cases cited by Defendant are by no means persuasive. Unlike the present case, the defendant in *Hudspeth* had substantial personal and familial ties to the District of Columbia and the evidence proffered against him was weak. *Hudspeth*, 143 F.Supp.2d at 37. In *Karni*, although the defendant, like Defendant here, did not have any ties to the District, the defendant was not charged with a crime of violence and was in no way linked with any violent

---

[2] The Government also notes that "Defendant's family have approached the family members of a cooperating witness in Guatemala and threatened the cooperating witnesses' [*sic*] family." Gov't Opp'n, at 12. Defendant contends that unless the government can proffer specific evidence and "identif[y] a witness who was allegedly threatened," the Government cannot rely on this information. Def.'s Reply, at 3. At this time, the Court will not request additional evidentiary proffers of the Government because the Court finds the Government has presented sufficient grounds for denying Defendant's request to modify the conditions of pretrial release. Should the alleged threats to witnesses became an important issue, the Court will request that additional information about the witness threats be provided to the Court under seal.

crimes or weapons use. *Karni*, 289 F.Supp.2d at 132. Here, Defendant has been charged with a dangerous crime, was arrested with weapons on hand, has strong evidence inculpating him, and does not have any ties to the United States. Although electronic monitoring is a method for monitoring a defendant's whereabouts, it does not prevent a defendant from absconding. Therefore, Defendant's proposed conditions do not obviate the risk that Defendant might flee, nor the danger Defendant presents to the community.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant Eliu Elixander Lorenzana-Cordon has failed to rebut the presumption that no condition or set of conditions can reasonably assure Defendant's presence at trial and the safety of the community. Accordingly, the Court DENIES Defendant's [598] Motion to Modify Condition of Pretrial Detention.[3] An appropriate Order accompanies this Memorandum Opinion.

   **SO ORDERED.**

                                                                  /s/
                                                          **COLLEEN KOLLAR-KOTELLY**
                                                          UNITED STATES DISTRICT JUDGE

---

[3] Although not a factor in the Court's decision to deny Defendant's release, the Court also notes that Defendant is subject to an immigration detainer and thus would be subject to immigration detention if released.