**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> ELIU LORENZANA-CORDON and <br> WALDEMAR LORENZANA-CORDON, <br><br> Defendants. | Criminal Action No. 03-cr-331-13-14 (CKK) |

**MEMORANDUM OPINION**
(September 15, 2015)

Presently before the Court is Defendants' [599] Motion for Bill of Particulars ("Motion").

On August 28, 2015, the Court held a hearing in this matter and made oral findings, which the

Court INCORPORATES herein.  Upon consideration of the pleadings,[1] the relevant legal

authorities, and the record as a whole, the Court DENIES Defendants' Motion.

**I. BACKGROUND**

On April 2, 2009, a federal grand jury returned an indictment ("Indictment") charging

Defendants Eliu Exiander Lorenzana-Cordon and Waldemar Lorenzana-Cordon ("Defendants"),

with conspiracy to import over five kilograms of cocaine into the United States in violation of 21

U.S.C. § 959, 960, and 963.  Indictment at 3.[2]  The Indictment charges that Defendants

"knowingly and intentionally" conspired to manufacture and distribute cocaine in "the Republic

of Colombia, El Salvador, Guatemala, Mexico, and elsewhere," from approximately March 1996

---

[1] The Court's consideration has focused on the following documents:  Indictment, ECF No. [173], Defs.' Mot. for Bill of Particulars ("Defs.' Mot."), ECF No. [599], Govt.'s Mem. in Opp'n to Def.'s Mot. for Bill of Particulars ("Govt.'s Opp'n"), ECF No. [602], and Defs.' Reply to Govt.'s Opp'n ("Defs.' Reply"), ECF No. [607].
[2] The Indictment is still under seal, and has only been unsealed as to these Defendants.  *See* Redacted Indictment, ECF No. [563].

to April 2009, the filing date of the Indictment, knowing that the drugs would be unlawfully imported into the United States. *Id.* at 3-4. The Indictment also includes a "Forfeiture Allegation" pursuant to 21 U.S.C. §§ 853 and 970, stating that the Defendants shall forfeit their "respective right, title or interest" in the proceeds derived from the alleged conspiracy. *Id.* at 4.

Defendant Eliu Exiander Lorenzana-Cordon filed a Motion for Bill of Particulars on July 7, 2015, ECF No. [599]. On July 14, 2015, Defendant Waldemar Lorenzana-Cordon filed a motion to join his co-defendant's Motion. *See* Motion for Joinder of Co-Defendant Motions, ECF No. [604]. On August 28, 2015, the Court granted Defendant Waldemar Lorenzana-Cordon's motion to join the Motion for Bill of Particulars.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. Proc. 7(c). Under Rule 7(f), "[t]he court *may* direct the government to file a bill of particulars." *Id.* at 7(f) (emphasis added). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). However, "if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.* A bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Savoy*, 889 F. Supp. 2d 78, 114 (D.D.C. 2012) (internal quotation marks and citations omitted).

## III. DISCUSSION

Defendants request that the Court direct the government to inform the Defendants of the following twelve particulars[3]:

(1) Name those "others known and unknown to the Grand Jury" with whom Mr. Lorenzana Cordon and the other co-defendants did "knowingly, willfully, and intentionally combine, conspire, and confederate with . . . ."

(2) Specify how Mr. Lorenzana Cordon did "knowingly, willfully, and intentionally combine, conspire, and confederate with . . . ." as referenced in the Indictment.

(3) Identify when Mr. Lorenzana Cordon entered into the alleged conspiracy, and withdrew from the alleged conspiracy.

(4) Identify where Mr. Lorenzana Cordon was located when he allegedly entered into the alleged conspiracy, and withdrew from the alleged conspiracy.

(5) Specify the instances when Mr. Lorenzana Cordon manifested his having entered into the alleged conspiracy.

(6) Identify any instance where Mr. Lorenzana Cordon entered, acted in, or caused actions in the United States in furtherance of the alleged conspiracy.

(7) Identify all instances of "intentional[] distribute[ion] and possess[ion] with intent to distribute [narcotics]..." as referenced in the Indictment.

(8) Specify "elsewhere" as referenced in the Indictment setting forth the alleged locations of the conspiratorial activity.

(9) Identify all overt acts that occurred in the United States furthering the alleged conspiracy, including the names of the participants in these actions, the alleged aircraft used, aircraft nation of registry, identification number of any aircraft, the dates of the actions and facts detailing these actions.

(10) Identify all overt acts that occurred outside the United States furthering the alleged conspiracy, including the names of the participants in these actions, the dates of these actions and facts detailing these actions.

(11) Specify what narcotics Mr. Lorenzana Cordon is alleged to have "manufactured and distributed."

---

[3] For the purposes of this joint motion, the Court interprets all references in the Indictment to "Mr. Lorenzana Cordon" as references to both Defendants, Eliu Exiander Lorenzana-Cordon and Waldemar Lorenzana-Cordon.

(12) List the amounts and type of narcotics for which Mr. Lorenzana Cordon is being held responsible, either directly or from the perspective of vicarious co-conspirator liability.

Defs.' Mot. at 2-3.  Defendants argue that "[t]he bare bones allegations contained in [Defendants'] Indictment fail to notify [them] what the government is alleging" and "prevents [them] from adequately preparing for trial."  *Id.* at 3, 5.  The Government opposes Defendants' Motion and urges the Court to deny the Motion in its entirely "because the Indictment, discovery and other information the Government has already supplied to the defense provides more than sufficient information to apprise the Defendants of the nature of the charges and the evidence against them."  Govt.'s Opp'n at 1.  The Government specifically argues that the Indictment is sufficiently specific and because "the requested information is available in some other form."  *Id.* at 5, 9.  The Court agrees that the Indictment is sufficiently specific and, to the extent Defendant would be entitled to further information, the Government has provided that information in an acceptable, alternate form.

## A.  The Indictment is Sufficient under *United States v. Mejia*

While the Indictment charging the Defendant may be "bare bones," the Indictment states the statutes Defendant is alleged to have violated, the corresponding mens rea requirements, the dates of the conspiracy, the object of the conspiracy, and at least five countries in which the conspiracy took place.  *See* 21 U.S.C.A. § 963.  The D.C. Circuit has affirmed a court's discretion to deny a defendant's motion for a bill of particulars when an indictment in a drug conspiracy case meets those requirements.  *See United States v. Mejia,* 448 F.3d 436, 445 (D.C. Cir. 2006).  Furthermore, when a case involves a narcotics conspiracy, an indictment need not specify overt acts because committing an overt act in furtherance of the conspiracy is not an element of the offense.  *See id.* at 445 ("[T]he language of Section 963 does not call for any [overt acts] to be set

4

forth in an indictment, nor do [] any . . . have to be committed in order for a [§] 963 [violation to be proven].") (internal quotation marks and citations omitted); *see also* 21 U.S.C. § 963. Accordingly, under *Mejia*, the Court must deny the twelve requests proffered by Defendants in their Motion for a Bill of Particulars.

### 1.   Request #1:  Names of Co-Conspirators

Defendants' first request is that the Government "[n]ame those 'others known and unknown to the Grant Jury' with whom Mr. Lorenzana Cordon and the other co-defendants did 'knowingly, willfully, and intentionally combine, conspire, and confederate with . . . .' " Defs.' Mot. at 2.  Defendants argue that the naming of co-conspirators in a bill of particulars "is not uncommon in conspiracy cases brought in this District", citing *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004), *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999), and *United States v. Trie*, 21 F. Supp. 2d 7, 22.  *Id.* at 4.  The Government argues that the Court should deny the Defendants' Motion because disclosing the identities of the co-conspirators would endanger the safety of the Government's witnesses (who are co-conspirators), as well as their families.  *See United States v. Santiago*, 174 F. Supp. 2d 16, 36-37 (S.D.N.Y. 2001).

The cases cited by Defendants are distinguishable and inapplicable to the facts of this case.[4] *Brodie* and *Trie* each concerned non-violent conspiracies to defraud institutions, and disclosing the identities of co-conspirators did not pose any security risks to the co-conspirators or their families.  326 F. Supp. 2d at 91; 21 F. Supp. 2d at 22.  In *Ramirez*, there were no security threats, and there were significant evidentiary questions whether the defendants had even entered the alleged conspiracy.  *See* 54 F. Supp. 2d at 30.  Here, however, the Government has raised serious

---

[4] At the August 28, 2015 hearing, the parties discussed each of the cases cited in their briefs.  The parties did not express any disagreements with the Court's analysis of the case law.

security concerns for the safety of the Government's witnesses and their families if the Government were to identify co-conspirators in a bill of particulars. *See* Govt.'s Opp'n at 7 (citing Govt.'s Reply in Support of a Protective Order, ECF No. [474]).  Additionally, several of the co-conspirators remain fugitives in this case, and premature disclosure of indicted co-conspirators could pose a risk to investigative agencies' efforts attempting to apprehend them. *Id.*  When there is a "legitimate basis for concern about the safety" of coconspirators, and disclosure of their identities could seriously impede the government's investigation, a court should decline a motion for a bill of particulars requesting that their identities be disclosed. *Santiago*, 174 F. Supp. 2d at 36.  Accordingly, the Court denies Defendants' motion with respect to Request #1.

The Court acknowledges, however, that as the parties move closer to trial, the Court may take into consideration more information concerning the nature of the security threats related to disclosing the identities of the co-conspirators.  At such a time, the Court may have a more detailed discussion with the parties about how and when to name the relevant co-conspirators before trial.

### 2.   Request #2:  Information Concerning Defendants' Mens Rea

Defendants' second request is that the Government "[s]pecify how Mr. Lorenzana Cordon did 'knowingly, willfully, and intentionally combine, conspire, and confederate with . . . .' as referenced in the Indictment."  Defs.' Mot. at 2.  Under *United States v. Mejia*, the indictment in a drug conspiracy case need only allege the "proper mens rea" requirements. *See* 448 F.3d at 445. Here, the Indictment charges that Defendants "knowingly and intentionally" imported cocaine into the United States under 21 U.S.C. §§ 952 and 960 and that Defendants manufactured and distributed cocaine, "intending and knowing" that it would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959 and 960.  Indictment at 4.  Because the Indictment is sufficiently detailed under *Mejia*, the Court denies Defendants' motion with respect to Request #2.

### 3.   Requests #3, #4, and #8:  Dates and Locations of the Conspiracy

Defendants' third and fourth requests ask that the Government identify where and when the Defendants "entered into the alleged conspiracy and withdrew from the alleged conspiracy." Defs.' Mot. at 2.  Defendants' eighth request asks that the Government specify "elsewhere", as referenced in the Indictment, setting forth the alleged locations of the conspiratorial activity. Defs.' Mot. at 2.

In support of these requests, Defendants rely on *Ramirez*, in which the court granted a request for a bill of particulars as to "the approximate dates and locations of any meetings or conversations not already identified in the indictment in which each defendant allegedly participated, and the approximate date on which each defendant allegedly joined the conspiracy." 54 F. Supp. 2d at 29.  In *Ramirez*, the indictment contained specific factual deficiencies leading the court to question whether the particular defendants requesting the bill of particulars had ever entered into the alleged conspiracy.  *See id.* at 30 ("[Defendants] are not charged with any criminal conduct before . . . *six days* before the alleged [year-long] conspiracy ended . . . the government says that it may not even have any evidence of when these defendants joined the conspiracy." ) (emphasis in original).  *Ramirez*, however, is an exception to the general rule in this circuit, which states that an indictment need only to provide a general time period of the conspiracy and a list of the countries where the conspiracy transpired.  *See, e.g.*, *Mejia*, 448 F.3d at 445 (holding that an indictment suffices if it "provides a time period of the conspiracy . . . [and] identifies at least five countries where the conspirators acted") (internal quotations omitted); *United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C. Cir. 1987) (holding that "[m]ore specific information about the times and places that [defendant] participated in the alleged conspiracy" was not required beyond the approximate months of the conspiracy's duration),

*United States v. Savoy*, 889 F. Supp 2d 78, 115 (D.D.C. 2012) (adopting the government's argument that "it has no obligation to file a bill of particulars detailing facts regarding the existence and formation of the conspiracy"), *Brodie*, 326 F. Supp. 2d at 91 ("Nor is the government required to prove how or when the conspiracy was formed, the details of any meeting or when the defendant joined the conspiracy.").

Here, the Indictment identifies March 1996 as an approximate date when the Defendants entered into the conspiracy, and it alleges that the conspiracy continued "thereafter up to and including the date of the filing of this Indictment," April 2009.  Indictment at 3.  The Government is not required to provide any more specific information concerning the times and places at which the defendants entered and exited the alleged conspiracy.  *See Butler*, 822 F.2d at 1194 (holding that the government satisfied its burden by alleging that the defendant participates in the conspiracy through actions taken between March 1981 and April 1982).  Furthermore, the Indictment identifies four countries where the conspiracy took place:  the "Republic of Colombia, El Salvador, Guatemala, Mexico, and elsewhere."  Indictment at 3.  Such information is sufficient under *Mejia*.  *See* 448 F.3d at 445.  Accordingly, the Court denies Defendants' motion with respect to Requests #3, #4, and #8.

### 4.   Requests #5 - #7, #9 - #10:  Overt Acts

Requests #5 - #7 and #9 - #10 all request information concerning the overt actions taken by Defendants as part of the alleged conspiracy.[5]  In support of these requests, Defendants cite

---

[5] Defendants make the following requests regarding "overt acts":

(5) Specify the instances when Mr. Lorenzana Cordon manifested his having entered into the alleged conspiracy.

*United States v. Trie*, 21 F. Supp. 2d 7 (D.D.C. 1998) and *United States v. Hsia*, 24 F. Supp. 2d 14 (D.D.C. 1998). These cases, however, accept as a basic principle that the "government need not provide details, including the time, place, and date, of all overt acts in furtherance of the alleged conspiracy." *Hsia*, 24 F. Supp. 2d at 31 (citing *Trie*). The government must provide information concerning overt acts only in special circumstances, such as when the indictment specifies a large number of acts, but does not specify which co-defendant took each specified act. *See id.* (granting a motion for a bill of particulars to resolve confusion as to who performed the specified acts attributed in the indictment to a religious organization); *Trie*, 21 F. Supp. 2d at 21 (granting a motion for a bill of particulars where the indictment attributed 45 pages of false statements to 175 different persons, an act, which according to the court, "smack[ed] of gamesmanship"). In cases involving a narcotics conspiracy, an indictment need not specify overt acts because committing an overt act in furtherance of the conspiracy is not an element of the offense. *See Mejia*, 448 F.3d at 445 ("[T]he language of Section 963 does not call for any [overt acts] to be set forth in an indictment, nor do [] any . . . have to be committed in order for a [§] 963 [violation to be proven].") (internal quotation marks and citations omitted); *see also* 21 U.S.C. § 963, *United States v.*

---

(6) Identify any instance where Mr. Lorenzana Cordon entered, acted in, or caused actions in the United States in furtherance of the alleged conspiracy.

(7) Identify all instances of "intentional[] distribute[ion] and possess[ion] with intent to distribute [narcotics]..." as referenced in the Indictment.

 (9) Identify all overt acts that occurred in the United States furthering the alleged conspiracy, including the names of the participants in these actions, the alleged aircraft used, aircraft nation of registry, identification number of any aircraft, the dates of the actions and facts detailing these actions.

(10) Identify all overt acts that occurred outside the United States furthering the alleged conspiracy, including the names of the participants in these actions, the dates of these actions and facts detailing these actions.

Defs.' Mot. at 2.

*Martinez*, 764 F. Supp. 2d 166, 174 (D.D.C. 2011) ("[The indictment] need not spell out which co-conspirator committed which conspiratorial act, and, as detailed above, need not allege any overt act in furtherance of the conspiracy."), *United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007) ("Defendants' argument that the indictment must list overt acts in furtherance of the alleged conspiracy is unavailing.") (citing *Mejia*), *Savoy*, 889 F. Supp. 2d at 115 (D.D.C. 2012) (adopting the government's argument that it has no obligation to "specify every overt act of the conspiracy that it plans to prove at trial").  Accordingly, because the Government need not identify every overt act committed by the Defendants, the Court denies Defendants' motion with respect to Requests #5 - #7 and #9 - #10.

### 5.   Requests #11 - #12:  Amounts and Types of Narcotics

Requests #11 and #12 seek for the Government to "specify what narcotics Mr. Lorenzana Cordon is alleged to have 'manufactured and distributed' " and to list "the amounts and type of narcotics for which Mr. Lorenzana Cordon is being held responsible, either directly or from the perspective of vicarious co-conspirator liability."  Defs.' Mot. at 3.  Such information is beyond the scope of a bill of particulars.  *See Butler*, 822 F.2d at 1193 ("A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges.").  Rather, an indictment in a drug conspiracy case need only to set forth "bare bones" allegations, such as the elements necessary to be proven under the applicable statutes.  *See Mejia*, 448 F.3d at 445.  Here, the Indictment specifies the type of narcotics, as well as an amount, *i.e.*, Defendants allegedly imported "five kilograms or more of a mixture and substance containing a detectable amount of cocaine."  Indictment at 4.  Such

information is sufficient under *Mejia*.  *Id.*  Accordingly, the Court denies Defendants' motion with respect to Requests #11 - #12.[6]

## B.  The Requested Information is Available in Some Other Form

The Court also finds that a bill of particulars is not appropriate in this case because "the requested information is available in some other form."  *Butler*, 822 F.2d at 1193.  The Government has provided over 16,000 pages of discovery, which includes records, reports, and photographs related to seizures of cocaine shipments connected to the Defendants.  Govt.'s Opp'n at 9.  Additionally, the Government has provided Defendants with an index categorizing all of the produced seizure reports and photographs broken down by event that the Government may introduce at trial.  *Id.* at 9-10.  The Government also has provided each Defendant with a filter disk of each Defendant's own calls.  *Id.* at 10.  These materials allows Defendants to adequately prepare for trial in ways that were impossible for the defendants in *Trie*.  *See* 21 F. Supp. 2d at 21-22 (ordering the Government to provide a bill of particulars where there was a lack of specificity in the materials provided to the defendants).

The Government's publicly available pre-trial motions in a co-defendant's case also provide a detailed "roadmap" of the Government's case against these Defendants.  *See* Government's 404(b) Motion, ECF No. [473]; Government's Motion *in limine*, ECF No. [480]; and the Government's Sentencing Memorandum, ECF No. [538].  These motions contain detailed information concerning Defendants' relationships with undisclosed co-conspirators; specific instances where Defendants acted in furtherance of the alleged conspiracy; and dates, places, and times concerning these acts.  *See id.*  Defendants therefore should not have to "guess"

---

[6] It is unclear from the discussion on the record from the August 18, 2015 hearing whether there is evidence concerning the Defendants' alleged manufacturing of narcotics.

at what they are facing at trial.  *See*, *e.g.*, *Mejia*, 448 F.3d at 446.  Because the information

requested by Defendants through a bill of particulars is available to them "in another form," the

Court concludes that a bill of particulars is not warranted.  *See Martinez*, 764 F. Supp. 2d at 174.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' [599] Motion for Bill of

Particulars.

An appropriate Order accompanies this Memorandum Opinion.

Dated: September 15, 2015

                                                      /s/

                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge