UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    Criminal No. 03-CR-331-13-14 (CKK)

ELIU LORENZANA-CORDON
WALDEMAR LORENZANA-CORDON

### DEFENDANT, ELIU LORENZANA-CORDON'S MOTION FOR NEW TRIAL

Eliu Lorenzana-Cordon, by and through counsel, respectfully request that this Honorable Court GRANT the Defendant a new trial. As grounds the following is submitted:

1. On November 1, 2017, this Honorable Court requested the parties to take another look at the extradition papers that were filed in this case, to take another look at the motion that had been filed concerning extradition, to take a look at whether some of the issues raised by the Defendant at the sentencing had any merit, to look at trial testimony and documents that should have been introduced at trial, perhaps issues raised about prior trial counsel, impeachment evidence of testimony given at trial and to present it in the form of a motion for new trial.

2. The Defendant has requested that counsel focus this motion on the Affidavit In Support Of Request For Extradition signed by Steven Fraga, the impeachment testimony concerning Vinicio Reyes Sosa, the date of his arrest, the date of his death and the documents that show he was not arrested in the year 2000.

3. The Affidavit of Steven Fraga, paragraph twenty-nine reads as follows:

1

> CS1 stated that Eliu Elixander Lorenzana-Cordon and co-conspirators Byron Linares, Otto Herrera-Garcia, Haraldo Lorenzana, and Waldemar Lorenzana-Cordon, Jr. met in Guatemala in approximately February 2004 to discuss the seizures from the previous year, and specifically discussed the fact that Linares' accounting ledgers were among the documents seized during the execution of the warrants in 2003 at the properties in Zone 14, Guatemala City, Guatemata. (Exhibit 1)

4. Based on the testimony heard at trial, the meeting described was impossible. Byron Linares, the bookkeeper, the author of the accounting ledgers, the one person that accompanied Otto Herrerra to the meeting in San Salvador to discuss bringing the drugs through El Salvador and who Otto Herrerra asked to find a replacement for Vinicio Reyes Sosa, testified that he was arrested on May 22, 2003 and that he remained incarcerated for fifteen months, almost sixteen approximately. (Exhibit - 2)( Tr. 2/25/16, 9:07 a.m., p.60, L. 20 - p.61, L.3)

5. The same false information was in the Affidavit In Support Of Request For Extradition signed by Janet Turnbull, dated December 9, 2011, The Affidavit of Janet Turnbull, paragraph thirty-four reads as follows:

> One of the confidential sources stated that ELIU ELIXANDER LORENZANA-CORDON and co-conspirators Byron Linares, Otto Herrera-Garcia, Haroldo Lorenzana and Waldemar Lorenzana Jr. Met in Guatemala in approximately February 2004 to discuss the seizures from the previous year, and specifically discussed the fact that Byron Linares' accounting ledgers were among the documents seized during the execution of the warrants in 2003 at the properties in Zone 14, Guatemala City, Guatemala. (Exhibit 3)

6. Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. Franks v. Delaware, 438 U.S. 154, 155 (1978)

7. In an extradition hearing, the court is not sitting on the trial of the prisoner, with power to pronounce him guilty and punish him or declare him innocent and acquit him. The court is now engaged simply in an inquiry as to whether, under the construction of the act of Congress, and the treaty entered into between this country and a foreign country, there was legal evidence before the commissioner to justify him in exercising his power to commit the person accused to custody to await the requisition of the foreign government. Charlton v. Kelly, 229 U.S. 447, 460 (1913). *See*, United States v. Rausher, 119 U.S. 407 (1886), In re Oteiza y Cortes, 136 U.S. 330 (1890), Pettit v. Walshe, 194 U.S. 205 (1904), Grin v. Shin, 187 U.S. 181 (1902).

8. In this case, legal evidence means, a showing of probable cause without a knowingly and intentionally false statement or a statement made in reckless disregard for the truth, included in the Affidavit In Support Of Extradition. Through extradition proceedings, one nation turns over custody of a person at the request of another nation, pursuant to a treaty between the two nations. See generally RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES §§ 475, 478 (1987). The purpose of an extradition hearing is to determine whether "the evidence [is] sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. As the district court emphasized, "'an extradition hearing is not the occasion for an adjudication of guilt or innocence.'" Messina v. United States, 728 F.2d 77, 80 (2d Cir. 1984) (quoting Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981)). Rather, the proceeding is essentially a "preliminary examination to determine whether a case is made out which will justify the holding of the accused and his surrender to the demanding nation." United States v. Kember, 222 U.S. App. D.C. 1, 685 F.2d 451, 455 (D.C. Cir.), cert. denied, 459 U.S. 832, 74 L. Ed. 2d 72, 103 S. Ct. 73 (1982).

9. A magistrate presiding over the hearing thus performs an assignment in line with his or her accustomed task of determining if there is probable cause to hold a defendant to answer for the commission of an offense. See Fed. R. Crim. P. 5.1 (preliminary examination by federal magistrate). Ward v. Rutherford, 921 F.2d 286 *, 1990 U.S. App. LEXIS 21005, 287 U.S. App. D.C. 246.

10. A warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent

evaluation of the matter. If an informant's tip is the source of information, the affidavit must recite some of the underlying circumstances from which the informant concluded that relevant evidence might be discovered, and some of the underlying circumstances from which the officer concluded that the informant ... was credible or his information reliable. Franks v. Delaware, 438 U.S. 154,   In an extradition hearing, the court is not sitting on the trial of the prisoner, with power to pronounce him guilty and punish him or declare him innocent and acquit him. The court is now engaged simply in an inquiry as to whether, under the construction of the act of Congress, and the treaty entered into between this country and a foreign country, there was legal evidence before the commissioner to justify him in exercising his power to commit the person accused to custody to await the requisition of the foreign government.

11. In this matter there was not legal evidence before U.S. Magistrate Judge Fasciola, or the Tribunal in Guatemala to justify it in exercising its power to commit the Defendant into custody to await the requisition of the United States Government.

12. The impeachment testimony concerning Vinicio Reyes Sosa, the date of his arrest, the date of his death, and the documents that show he was not arrested in the year 2000 are attached as Exhibit 4, the Statement of Eliu Lorenzana-Cordon, Exhibit 5, the death certificate of Vinicio Reyes Sosa, and Exhibit 6, a letter from the mens' jail for zone 18 in Guatemala which reads that Vinicio Reyes Sosa was incarcerated from November 28, 2001 until October 7, 2002.

## CONCLUSION

In the interest of justice a new trial is respectfully requested.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully Submitted,

/s/Robert E. Cappell
Robert E. Cappell, D.C. Bar 321265
3405 Epic Gate
Bowie, Maryland 20716
(301) 249-3002
Robertcappell@cappelllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically mailed this 1st day of December 2017 to all parties/counsel.

/s/ Robert E. Cappell
Robert E. Cappell