

Exhibit: A

I, Alejandra Valdez Ramírez, Sworn Translator of English into Spanish and vice-versa, authorized in the Republic of Guatemala pursuant to Resolution number 155, issued by the Ministry of Education on April 8, 1999, and record number 16300499, hereby------------------------------------------------
-------------------------------------------CERTIFY & SWEAR-----------------------------------------------
to have had before me an AGREEMENT written in Spanish, which faithfully translated into English reads as follows:----------------------------------------------------------------------------------------------------------

"'Governmental Agreement Number 92-2015.-------------------------------------------------

Guatemala.----------------------------------------------------------------------------------------------

THE PRESIDENT OF THE REPUBLIC.--------------------------------------------------------

CONSIDERING.--------------------------------------------------------------------------------------

That pusuant with article 27 of the Political Constitution of the Republic of

Guatemala, extradition is ruled by what is established on the international

treaties.------------------------------------------------------------------------------------------------

CONSIDERING.--------------------------------------------------------------------------------------

That the Government of the United States of America requested the

Government of the Republic of Guatemala, based on the Extradition Treaty

and its Suplementary Convention, which are in force between both States, the

extradition of the Guatemalan ELIU ELIXANDER LORENZANA CORDON

and/or ELIO ELIXANDER LORENZANA CORDON in order to complete the

criminal procedure against him for the alleged participation in committing

criminal conspiracy to make and distribute five or more kilograms of Cocaine,

pretending and knowing that the cocaine was going to be imported illegally to

the United States of America.---------------------------------------------------------------------

CONSIDERING.--------------------------------------------------------------------------------------

That prior to the corresponding legal process, the Third Criminal Sentence

Court, Drugtrafficking and Crimes against the Environment, on the order dated

february 17 of the year 2012, declared valid the extradition requested, which

up to date is in force since there is no outstanding notification or appeal or

provisional injunction decreed, or he is not subject to any crimial procedure in

the country, according to what has been stated by the judge previouly

identified and informed to the Ministry of Foreign Affairs through the Secretary

of the Supreme Court of Justice.--------------------------------------------------------------

CONSIDERING.----------------------------------------------------------------------------------

For having completed the judicial procedure, it is appropriate to submit to the consideration of the President of the Republic the decision to turn in or not the requested party, which pursuant to the Extradition Treaty between Guatemala and the United States of America corresponds to the Head of the Executive Branch.--------------------------------------------------------------------------------------

THEREFORE.-------------------------------------------------------------------------------------

In the exercise of the function granted by literal e) of Article 183 of the Political Constitution of the Republic of Guatemala, articles I, II, V and VI of the Extradition Treaty between the Republic of Guatemala and the United States signed in Washington, United States of America on February 27, 1903, approved by Legislative Decree Number 561 dated April 28, 1903, ratified on June 12, 1903 and published on October 1, 1903 and the Supplementary Convention of the Extradition Treaty, subscribed on February 20, 1940, approved by the Legislative Decree Number 2414 dated abril 10, 1940, ratified on June 20, 1940 and published on January 6, 1941, which are in force between both countries.------------------------------------------------------------------------

[There appears an ilegible signature].------------------------------------------------------

Lic. Gustavo Adolfo Martínez L.-------------------------------------------------------------

General Secretary of the Presidency of the Republic.--------------------

-------------------------------------[Agreement] -------------------------------------

MINISTRY OF FOREIGN AFFAIRS.-----------------------------------------------------------

REPUBLIC OF GUATEMALA, C.A.------------------------------------------------------------

AGREES.------------------------------------------------------------------------------------------

**Article 1.**   Turn in for extradition, Guatemalan, ELIU LORENZANA CORDON and/or ELIO ELIXANDER LORENZANA CORDON to the Government of the United States of America having received previously by writting the offer on behalf of the Government of the United States of America, that the requested party will enjoy all the rights and warranties that pursuant to the Constitution of said Nation correspond to him, particularly that he will be considered not guilty unless he is declared guilty,   that his trial will be totally impartial, that they will

provide him a counsel for his defense,   that he will not be judged for different crimes to the ones for which he is being extradited and that his procedural and human rights will be respected.----------------------------------------------------------

**Article 2.** ELIU LORENZANA CORDÓN and/or ELIO ELIXANDER LORENZANA CORDÓN shall be turned in to the authorities appointed by the Government of the United States of America, prior the fulfillment of the corresponding paperwork by the Ministry of Foreign Affairs,   who is responsible,   to make all arrangements needed for such purpose.-----------------

**Article 3.** The corresponding authorities shall provide all the support they can within their jurisdiction according to the requirements of the Ministry of Foreign Affairs and it will be the responsability of the General Migration Bureau to take care of the extension of the corresponding ordinary passport of ELIU LORENZANA CORDÓN and/or ELIO ELIXANDER LORENZANA CORDON if he does not have one.------------------------------------------------------------------

**Article 4.**   The Government Agreement herein is in force as of this moment.--

**LET IT BE KNOWN.**--------------------------------------------------------------------

[There appears an illegible signature].-------------------------------------------------

OTTO FERNANDO PEREZ MOLINA.-------------------------------------------------------

[Illegible signature].   Carlos Raúl Morales Moscoso.----------------------------------

Ministry of Foreign Affairs.--------------------------------------------------------------

[There appears a seal which reads]: MINISTRY OF FOREIGN AFFAIRS. OFFICE OF THE MINISTER. GUATEMALA, C.A.-------------------------------------

[Ilegible signature]. Héctor Mauricio López Bonilla.---------------------------------

[There appears a seal which read]: Minister of Interior. MINISTRY OF INTERIOR. GUATEMALA, C.A.------------------------------------

[Ilegible signature].------------------------------------------------------------------------

Lic. Gustavo Adolfo Martinez Lara.----------------------------------------------------

General Secretary of the Presidency of the Republic.""

IN WITNESS WHEREOF, and without assuming any responsibility whatsoever for the contents of the original   document, I sign and seal this sworn translation in three sheets of bond paper, at the request of the interested party, for the legal uses such party may deem convenient, in Guatemala City on January eight of the year two thousand twenty-one.

*Alejandro Valdez Ramírez*
**TRADUCTOR JURADO**
**Registro No. 1630499**

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 4 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 2 of 20
USCA Case #18-3033   Document #1787550   Filed: 05/13/2019   Page 220 of 371

| | | |
|---|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | **Exhibit: A** | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

EXTRADITION -3-2009. "B"- Secretary. DRUG TRAFFICKING ACTIVITIES AND CRIMES AGAINST THE ENVIRONMENT PENAL SENTENCES THIRD COURT.

Guatemala, February 17 of the year two thousand twelve...............

Before us we have a passive extradition formal request by the government of the United States of America, against the Guatemala citizen ELIU ALEXANDER LORENZANA CORDON and/or ELIO ALEXANDER LORENZANA CORDON..........................

A) ELIU ALEXANDER LORENZANA CORDON AND/OR ELIO ALEXANDER LORENZANA CORDON PERSONAL IDENTIFICATION DATA, of 39 years of age, married, Guatemalan merchant, with residence in this state of Zacapa, son of Waldemar LORENZANA and Martha Julio CORDO Orellana, born on the 29th of November of 1971 with residence identification R dash 19 and of the registry four thousand four hundred seventy eight R-19 four thousand) issued by the municipal mayor of Huité, state of Zacapa.........

B) SPECIFIC RELATIONSHIP OF THE ACTS ATTRIBUTED TO THE ONE REQUESTED IN EXTRADITION.

According with the documentation submitted by the United States of America within the given time, to the requested ELIU ALEXANDER LORENZANA CORDON and/or ELIO ALEXANDER LORENZANA CORDON, are attributed the following acts:

Approximately in June of 1999, the DEA started an investigation into the drug trafficking activities of Otto Herrera Garcia, the head of the drug trafficking organization Otto Herrera Garcia from here on "(the Herrera Garcia organization)" and his associates. That investigation revealed that

1

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 5 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 3 of 20
USCA Case #18-3033   Document #1787550   Filed: 05/13/2019   Page 221 of 371

the Herrera Garcia organization had been responsible of facilitating the illegal contraband of shipments

of multiple tons of cocaine from Colombia to the United States through El Salvador, Guatemala, and

Mexico. The investigation also brought to light that the drug trafficking organization of Phanor Arizabaleta

Arzayus (from here Arizabaleta organization) supplied most of the cocaine to the Herrera Garcia

organization.......

The Herrera Garcia organization basically hired other drug trafficking organizations to help the Herrera

García organization with the transport and warehousing of the shipments of cocaine from Colombia

through Central America and from there to Mexico to be finally imported and distributed in the United

States. Through the investigation one of these organizations was identified as the LORENZANA drug

trafficking organization (from here on the LORENZANA organization) an organization that operated based

in Guatemala, a country used as a point to transfer drugs originating in South America with the United

States as its destination. The investigation also revealed that the LORENZANA organization offered

transportation services and warehousing to other drug trafficking organizations besides the Herrera

Garcia organization. Various confidential sources of information (from here on confidential sources) that

had been involved with the Herrera Garcia organization provided information to public order agents about

the criminal activities of ELIU ALEXANDER LORENZANA CORDON and others, according to confidential

sources, who were familiar with the Herrera Garcia organization, beginning approximately in 1997, the

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 6 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 4 of 20
USCA Case #18-3033   Document #1787550   Filed: 05/13/2019   Page 222 of 371

| SEAL | SEAL |
|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

Herrera Garcia organization started to work with all other drug traffickers to traffic cocaine illegally from Colombia to Central America for its subsequent distribution in Mexico and ultimately to the United States; approximately from 1999 to 2003), the Herrera Garcia organization basically worked with the LORENZANA organization to receive, make inventory, and store the Colombian cocaine in Guatemala before it finally was imported and distributed in the United States.......

The Arizabaleta organization supplied most of the cocaine to the Herrera Garcia organization. According to confidential sources, during a one and a half year period from approximately 1999 until 2001 the cocaine was transported illegally from Colombia on board "fast boats".

Members of the Herrera Garcia organization intercepted the fast boats in the high seas, transferred the Colombian cocaine to their own fast boats, made and inventory of the cocaine and then transported the cocaine to the coast of El Salvador, where it was unloaded and inventory was made. From there the cocaine was transported to a secondary place of storage, in the inland in El Salvador, where members of the Herrera Garcia organization made and inventory again........

In the secondary place the cocaine was loaded onto banana trucks and it was transported from El Salvador to Guatemala. Mainly the cocaine was delivered to a warehouse complex near Reforma, Zacapa, Guatemala, that was managed by ELIU ALEXANDER LORENZANA CORDON and used by various members of the LORENZANA organization including ELIU ALEXANDER LORENZANA CORDON, to receive shipments of drugs.

3

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 7 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 5 of 20
USCA Case #18-3033      Document #1787550      Filed: 05/13/2019      Page 223 of 371

Additionally the confidential sources have told authorities that approximately between 2002 and 2003, the Herrera Garcia organization coordinated the transport of airplanes loaded with cocaine from Colombia to the clandestine landing strips in Guatemala.

The clandestine runways were located in, or close to, properties of or used by the LORENZANA organization. Moreover, according to the confidential sources, members of the LORENZANA organization, including the accomplice WALDEMAR LORENZANA CORDON, son, where present in the clandestine runways and / or storage facilities nearby to supervise and or participate in the inventory of the cocaine. Once the cocaine was unloaded and inventory made in these properties, the cocaine was transported by truck to the warehouse complex used by the LORENZANA organization in Zacapa, Guatemala. The logistic coordination of these shipments was done, either completely or in part, by members of the LORENZANA organization, including ELIU ALEXANDER LORENZANA CORDON and the accomplice Haroldo LORENZANA cordon.----------

According to confidential sources familiar with these drug trafficking operation, when the cocaine loaded trucks arrived to the warehouse complex, members of the Herrera Garcia organization unloaded the cocaine. Then Otto Herrera Garcia, Byron Linares and others made and inventory of the cocaine. Two confidential sources have indicated that **ELIU ALEXANDER LORENZANA CORDON** and accomplices Haroldo LORENZANA and Waldemar LORENZANA son, frequently were present during the inventory process, one confidential source familiar with these drug trafficking operation has assured that after

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 8 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 6 of 20
USCA Case #18-3033       Document #1787550       Filed: 05/13/2019       Page 224 of 371

| SEAL | SEAL |
|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

the inventory process in the warehouse complex in Zacapa, Guatemala, Otto Herrera Garcia made arrangements to distribute the cocaine to the owners of the cocaine that were members of different Mexican drug trafficking organizations.   Members of the Arizabaleta organization arranged the distribution of the cocaine to their owners of the Mexican drug trafficking organizations.   Confidential sources familiar with the drug trafficking organizations involved in this operation have identified Byron Linares as the link between the Herrera Garcia organization and the LORENZANA organization.   According to the same sources, Byron Linares and others picked up and made inventory of the money that was received from the sale of the cocaine, all in United States currency, in the warehouse complex.   Then the money was transported to one of the houses in zone 14 in the City of Guatemala, Guatemala, where Otto Herrera, Byron Linares, and others counted it.   Once everybody was in agreement with the count, the money was delivered to members of Arizabaleta organization that were responsible to deliver the money in Colombia.----------------------

Additionally three confidential sources familiar with these operations have indicated that Byron Linares was responsible for the accounting for the LORENZANA organization.   Each one of these three sources had important dealings with Byron Linares and each one is aware that Byron Linares collected the money coming from drug trafficking, kept detailed bookkeeping, and repatriated the money originating from the drug trafficking activities to the members of the  Arizabaleta drug trafficking  organization.----------

5

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 9 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 7 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 225 of 371

During the course of these investigation, DEA special agents assigned to the office of the country of Guatemala identified homes located in 22 street 10-56 and 22 street 10-64 Zone 14 in the City of Guatemala, Guatemala as being residences associated to Otto Herrera Garcia with Byron Linares and with Guillermo Herrera Garcia to these residences.------------------------------

The day of April 2nd, 2003, DEA special agents assisted Public Order Authorities of Guatemala to execute search warrants to both residencies in the city of Guatemala, Guatemala.

According to the execution of the search warrant, approximately $14,000,000 in United States currency was seized in these residencies. The accounting ledgers that detailed the income and expenses of the LORENZANA organization and other organizations were also seized. Assault weapons were also seized, one revolver, grenades, cellular telephones, one satellite telephone, one passport belonging to Otto Herrera Garcia, vehicles, including one vehicle registered to the name of Otto Herrera Garcia and numerous documents. The accomplice, José Fernando Arizabaleta Lenis was present during the time of the search warrant. Two of the confidential sources have reviewed parts of the photocopies of the bookkeeping seized on April 2nd, 2003 and have identified references to various members of the LORENZANA organization inside the books, including ELIU ALEXANDER LORENZANA CORDON. Payments showed in this accounting books for drugs demonstrate that various members of the LORENZANA organization including ELIU ALEXANDER LORENZANA CORDON, and the accomplices Byron Linares, Haroldo

Case 1:03-cr-00331-GKK Document 1172-1 Filed 05/23/22 Page 10 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 8 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 226 of 371

| SEAL | | SEAL |
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

LORENZANA and others made payments or received payments from a member of the Herrera Garcia organization for cocaine drug trafficking activities in United States dollars. The dates included in the accounting books for drugs, indicate that many of their payments were made during 2001. The two sources also indicated that Byron Linares was the author of many parts of the ledger since he was the accountant for the LORENZANA organization........

One of the confidential sources said that ELIU ALEXANDER LORENZANA CORDON and his accomplices Byron Linares, Otto Herrera Garcia, Haroldo LORENZANA, and Waldemar LORENZANA son, met in Guatemala approximately in February of 2004 to talk about the seizures of the prior year, and specifically the books of Byron Linares that where among the documents seized during the search warrants executed to the properties in zone 14 in the city of Guatemala, Guatemala.——————

Confidential sources have identified various Logos of the cocaine shipments that were transported by the Herrera Garcia organization and distributed by the LORENZANA organization, and for which Byron Linares offered accounting and inventory services. Two of the confidential sources have seen various seizures of cocaine in United States and have identified the logos that were in the wrappers of the seizures in the United States, as being the same or similar to Logos that were present in the cocaine transported by the Herrera Garcia organization......................

The investigation also revealed that members of the LORENZANA organization

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 11 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 9 of 20
USCA Case #18-3033     Document #1787550     Filed: 05/13/2019     Page 227 of 371

did not work exclusively with members of the Herrera organization.

They were contracted and worked for other organizations to transport drugs. According to a confidential source familiar with the LORENZANA organization approximately in 2002 In Guatemala ELIU ALEXANDER LORENZANA CORDON, met with Jorge Mario Paredes Cordova identified by a confidential source as the head of another drug trafficking organization.......

According to another confidential source, the source met with ELIU ALEXANDER LORENZANA CORDON, approximately in two occasions in October - November 2005. On each occasion the confidential source was present when shipments of 500 kg of cocaine were delivered to ELIU ALEXANDER LORENZANA CORDON and Waldemar LORENZANA Cordon son in Guatemala. The confidential source informed that ELIU ALEXANDER LORENZANA CORDON and Waldemar LORENZANA Cordon son were in charge to receive both shipments of drugs for the LORENZANA drug trafficking organization.

Another confidential source, was present towards the end of 2006 on a processing and packing lab of cocaine in Zacapa, Guatemala. This individual described the lab as one that was used mainly with the purpose of accepting the cocaine delivery and to cut the cocaine (meaning mixing it with diluting substances to increase the volume). The confidential source explained that originally the owner of the lab was the one who introduced him to ELIU ALEXANDER LORENZANA CORDON., And that the source saw ELIU ALEXANDER LORENZANA CORDON present in the lab.-----------------------------

SEAL

Drug Trafficking Activities
and Crimes against the
environment Penal
Sentences Third Court
Secretary

SEAL

Drug Trafficking Activities and
Crimes against the
environment Penal Sentences
Third Court
Judicial Entity

Another confidential source was present when members of the LORENZANA organization including ELIU ALEXANDER LORENZANA CORDON, delivered two shipments of cocaine. Specifically, this witness said that in 2005, ELIU ALEXANDER LORENZANA CORDON delivered one shipment of 400 kg of cocaine that had been stored in a warehouse from the LORENZANA's in Zacapa, Guatemala. The confidential source also indicated that in 2006, members of the LORENZANA organization including ELIU ALEXANDER LORENZANA CORDON, delivered one shipment of 300 kg of cocaine that had been stored in a farm of the LORENZANA's and that ELIU ALEXANDER LORENZANA CORDON was present.

Also, the source was present in two occasions when ELIU ALEXANDER LORENZANA CORDON, distributed money relating to the previously mentioned shipments of drugs leading to his formal extradition requested by the government of the United States of America.--------------------------------------------------------------------

C) RELATING TO THE BASIS OF FACTS IN WHICH THE INSTANT DECISION AND IS BASED AN ASSESSMENT OF THE EVIDENCE PROVIDED BY THE PARTIES: PROPER REASONING OF JUDGES

**C1) BASIS OF LAW:** In order to resolve the appropriateness or not of the extradition request proffered by the United States of America to the State of Guatemala, the treaty to which the Public Ministry makes reference and the document from July 20th , 2009 with registration number one hundred and eleven millions zero one three hundred ninety five thousand six hundred and nine, signed by the General Director of Legal Matters, International Treaties, Translations for the Ministry of Foreign Relations, Atty.  Sonia Regina Martinez Mansilla de Palencia, as well as.................

APPX. 0659

USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 229 of 371

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 13 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 11 of 20

the Extradition Treaty between the gov't of the Republic of Guatemala and the government of the United

States of North America, signed the 27th February of 1903, passed pursuant Decree of the Congress of

the Republic number 571, issued on the 28th of April of 1903 and ratified by the State of Guatemala with

date June 12th of 1933, amended by the supplementary convention in the year 1940, committing to

faithfully enforce the dispositions contained within, and its Supplementary Convention signed on the 20th

of February of 1940, passed on April 10th of 1940, and duly ratified on June 20th , 1940 and published on

January 6th of 1941.

C2) BASIS OF FACT: in the instant case, the United States of America have requested to the Guatemalan

government the extradition of the Guatemalan citizen ELIU Alexander LORENZANA CORDON, being that

it is attributed an action of criminal conduct, in which: to that effect this court analyzes the applicability

of the treaty previously mentioned related pursuant the law of treaties, contained in the convention of

Vienna of May 23rd of 1969, in which in its article 28th , indicates that "the dispositions of a treaty will not

force a party in reference to any action or conduct that has taken place prior to the date in which the

treaty came into effect for the party nor two any situation that on that date have ceased to exist, unless

that a different an intent develops from the treaty or it is stated otherwise" also article 24 of

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 14 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 12 of 20
USCA Case #18-3033   Document #1787550   Filed: 05/13/2019   Page 230 of 371

| SEAL | SEAL |
|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

said international instrument indicates that a treaty comes into effect in the manner and on the date in which in it it's stated or that the negotiating parties agree. In that regard these court according to the decisions submitted by the judicial authority of the United States of America, it's advised that the criminal conduct that's attributed to the Guatemalan citizen above mentioned, occurred from the end of 1999 until at least 2003, and the treaty between the gov't of the United States of America and the gov't of Guatemala that is invoked was signed and ratified in the year of 1940, what means that the applicability of the invoked treaty is appropriate, as long as the conduct attributed to the requested in extradition, took place after the invoked treaty came into effect, as well as the crime that is attributed in the United States of America, to the Guatemalan citizen previously cited, is the crime of criminal association to import five or more kilograms of cocaine to the United States and to manufacture and distribute five or more Kilograms of cocaine willfully and knowingly that the cocaine would be imported illegally into the United States, aiding and abating, in violation of title 21 section § 812, 950, 952, 959, 960 and 963 title 18th of the United States code. For this reason this court reaches the conclusion that it is possible to apply the extradition treaty celebrated between the United States of America and the gov't of the Republic of Guatemala, and therefore to comply with the obligation acquired in such treaty, during oral arguments the following evidence was presented by the Public Ministry, being as follows: EXHIBIT A: a) Note number 11 dated January 10th of the year 2012, through

11

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 15 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 13 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 231 of 371

which the embassy of the United States of America, presents the request to the Ministry of Foreign

Relations of the Republic of Guatemala asking for the extradition to the United States of the Guatemalan

citizen ELIU ALEXANDER LORENZANA CORDON, and or ELIO ALEXANDER LORENZANA CORDON, according

to the article IX and another clauses applicable to the Extradition Treaty between the United States of

America and Guatemala, the 27th of February of 1903, as well as the supplementary convention of 1940.

The documentation submitted in obedience to the provisions of article IX of the referred treaty, which is

submitted in English and its version in Spanish; b) document identified with the number 1100036112,

classification DIGRAJUTT/DAJ, dated January 12th 2012, signed by the General Director of Legal Matters,

International Treaties and Translations through which submits to the Attorney General of the Republic

and Chief of the Public Ministry, a certified copy of the verbal note number 11 dated January 10th 2012,

of the embassy of the United States of America, as well as each translation (nonofficial version) to the

Spanish language, on which the gov't of the United States of America, request the formal extradition to

said country of the Guatemalan citizen ELIU ALEXANDER LORENZANA CORDON and/or ELIO ALEXANDER

LORENZANA CORDON; c) documentation presented in support of the extradition request of Mr. ELIU

ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, a) Certification of

authentication of signature of Maria Candelaria Manrique de Hernandez, First Secretary of the General

Consulate of Guatemala in Silver Spring, Maryland United States

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 16 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 14 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 232 of 371

| Drug Trafficking Activities and Crimes against the *environment Penal Sentences Third Court Secretary | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

of America; b) Certification of the signature of Magdalena A. Boynton, Associate Director, Office of International Affairs, Criminal Division, Department of Justice of the United States Washington, DC.; c) Certification signed by Magdalena A. Boynton, Associate Director, Office of International Affairs, Criminal Division, Department of Justice of the United States of North America, in which it's stated that it certifies that the attached document is an original sworn affidavit , with attachments A through D and the translation to Spanish of Janet Turbull, prosecuting Atty., Department of Justice of the United States, Criminal Division, Narcotics and Dangerous Drugs Section, that was sworn on December 9th , 2011 before Honorable Magistrate Judge of the Court of New Jersey [sic] John Facciola. Tracey Lankler, Prosecutor of the Office of International Affairs, Criminal Division, Department of Justice of the United States of North America, gathered this documentation, furnished by the United States of North America in support of the request for formal extradition from Guatemala of ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, d) Sworn affidavit of Janet Turnbull, prosecuting Atty. Department of Justice of the United States, Criminal Division, Narcotics and Dangerous Drugs Section, in support of the request for extradition of Mr. ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, which was obtained under oath before John Faciola, Magistrate Judge of the United States, District of Columbia, dated December 9th 2011 submitted in the English language and also certified and translated into Spanish by Magdalena A. Boynton, Associate Director of the

13

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 17 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 15 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 233 of 371

Office of International Affairs, Criminal Division, Department of Justice of the United States of North America, dated December 23rd, 2011, consisting of the following attached documents:

EVIDENCE A) Certified copy of formal indictment for criminal case number 03-331, presented on November 15th 2007 and on April 2nd of 2009, against several defendants among them ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, signed by the President of the Jury; Paul M. O'brien, Chief of Section of Dangerous Drugs and Narcotics, Criminal Division, Department of Justice of the United States, Washington, DC and Wayne C. Raabe, Principal Deputy Chief, Narcotics and Dangerous Drugs Section, Criminal Division, Department of Justice of the United States, Washington, DC.; EVIDENCE B) certified copy of the arrest warrant of ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, for complaint against him, for the crime of criminal association to import five or more kilograms of cocaine to the United States, and to manufacture and distribute five or more kilograms of cocaine willfully and knowingly that the cocaine would be imported illegally into the United States, aiding and abating, in violation of title 21 section § 812, 950, 952, 959, 960 and 963 title 18th of the United States code, § 2 title 21 United States code § 853 and 970; EVIDENCE C: includes the parts pertaining to the laws that describe the crimes that Mr. ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON is accused of, the statute of limitations and the sentences that the required one faces in the event of being convicted; EVIDENCE D) sworn........

Case 1:03-cr-00331-CKK  Document 1173-1  Filed 05/23/22  Page 18 of 22
Case 1:03-cr-00331-CKK  Document 888-1  Filed 11/28/16  Page 16 of 20
USCA Case #18-3033  Document #1787550  Filed: 05/13/2019  Page 234 of 371

| SEAL | SEAL |
|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

affidavit of the Special Agent of the Drug Enforcement Agency, in support of the extradition request of

Mr. ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON , presented

before John Faciola, Magistrate Judge of the United States, District of Columbia, on December 9th 2011,

which shows how the punishable criminal conduct attributed to ELIU ALEXANDER LORENZANA CORDON

and /or ELIO ALEXANDER LORENZANA CORDON took place,; Annex 1 photograph of ELIU ALEXANDER

LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON. Also identification documents are

offered and those related to the arrest of Mr. ELIU ALEXANDER LORENZANA CORDON and /or ELIO

ALEXANDER LORENZANA CORDON, as follows: a) Certification of the National ID, number Four thousand

four hundred and seventy eight, page One hundred and eighteen, volume six of national ID's from the

Municipality of Huité , from the State of Zacapa, issued by the Civil Registrar of the National Registry of

People from Huité , from the State of Zacapa, on June 11th 2011, that corresponds to ELIU ALEXANDER

LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON, with National ID number R-19

4478. Issued in Huité, Zacapa, with a date of birth of November 29th 1971, address Aldea La Reforma,

Zacapa, Huite, Zacapa, Civil Status married, Occupation pilot. c) Police report dated November 8 2011,

that contains the arrest of the person....................

15

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 19 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 17 of 20
USCA Case #18-3033   Document #1787550        Filed: 05/13/2019   Page 235 of 371

requested, in compliance with the arrest warrant, and its corresponding execution, issued by the

jurisdictional entities. To the documental proof above described, all together and as a whole the court

assigns probative value, because with said documents the investigation performed by the requiring state

against the Guatemalan citizen ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER

LORENZANA CORDON is accredited , in virtue that said investigation was performed in accordance to the

legal procedures of the requiring state and that the Court considers it legitimate and well founded,

because to the consideration of this Court, the extradition request fulfills the requirements of the Treaties

signed by both states, specially that an open criminal process exists and for the same an arrest warrant

was issued in the requiring state. The documents originating abroad that were taken as the basis for the

issued request comply with the law, they were translated into Spanish to afford them legality in the

Republic of Guatemala.   The prior assessment is made by the Court with a goal to establish the

appropriateness or not of the extradition, and not to the guilt or lack of guilt of the required one for

extradition, conforming to what it's established in article 22 of the Regulating Law for Extradition

Procedures.   The required one, ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER

LORENZANA CORDON presented the following documents of proof, as follows: A) Certification of the case

identified with the number 86-2004 that corresponds to the defendant Byron Linares; B) File of extradition

case 03-2009 of the required in extradition Waldemar LORENZANA Lima; C) Legal opinion of the Notaries

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 20 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 18 of 20
USCA Case #18-3033     Document #1787550     Filed: 05/13/2019     Page 236 of 371

| | | |
|---|---|---|
| SEAL | | SEAL |
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

THOMAS E LESTER AND RICHARD PHIBBS from the District of Columbia, United States of America about the request for extradition of the requested one. And D) birth certificate of the one requested in extradition: to the evidentiary documents (A and B) there is no probative value assigned, because their content according to what's been argued by the Attorney, are circumstances that will be able to be discussed during the corresponding trial of the requested in extradition ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON; to exhibit c) the Court does not assign probative value, because it is considered a private opinion of American Notaries that can be discussed before the American Judicial Authorities; D) the Court assigns probative value to it, because with the it, the Registry of Birth of the requested in extradition is established. The defense of the requested in extradition, in synthesis argued: that it opposes the extradition of the requested one because the Public Ministry changed the description of the crime attributed to their client; that the Regulating Law for Extradition Procedures cannot be retroactive, because the conduct took place in 2003 and 2004, that the conspiracy to place in Guatemala and not in the United States Territory, basing their opposition to the extradition in article 345 of the Bustamante code, in the sense that the states that are parties are not obligated to surrender their nationals. In reference to that, the Court analyzed what was presented by the Attorney and it concludes: that the Public Ministry did not change the description of the crime, but because the law of the requiring state itself determines the procedure for the change of crime, in any ways, it does not correspond to the Public Ministry. The Regulating Law for Extradition, is not being applied in a retroactive way, what this law is ................

Case 1:03-cr-00331-CKK Document 1173-1 Filed 05/23/22 Page 21 of 22
Case 1:03-cr-00331-CKK Document 888-1 Filed 11/28/16 Page 19 of 20
USCA Case #18-3033 Document #1787550 Filed: 05/13/2019 Page 237 of 371

doing, as its name indicates, is to regulate these procedures, in virtue of Treaties celebrated between Guatemala with all other states as it is established by article 34 of the Regulating Law for Extradition: that it refers to the priority of the International Treaties in extradition matters, being that, the extradition procedure is bound by the corresponding Specialty Law, notwithstanding the international treaties in extradition matters that are signed and ratified by the Guatemalan State, would assign procedures, measures or paperwork different to the ones established by the law specifically cited, what is disposed of, on the respective instruments will prevail.

In reference to the conduct that took place in Guatemala and not in the United States of America, the investigation made by the Law the United States in this matter, establishes applicable norms to these type of conduct and as it relates to the Bustamante code, it does not apply in the instant case, because the law on the merits controls in this respect, as does the Treaty and the Supplementary Convention invoked and it would be at the appropriate time to the corresponding Authority to make official the surrendering or not of the requested person. Based on the reasoning above, this Court concludes: that having complied with the requirements that are established by the Regulating Law of Extradition Procedures, the Extradition Treaty and the Supplementary Convention, celebrated between the States of Guatemala and United States of America, it is appropriate to grant the extradition request formulated by the requiring state.------

RESOLUTION SECTION: this court based on what has been considered and to what for that effect the following articles conceptualize: 6, 12, 14, 17, 27, 149 of the political constitution of the Republic of Guatemala; I, III, IV, V, VII, VIII, IX, X, XI, and XII of the Extradition Treaty signed between Guatemala and the United

Case 1:03-cr-00331-CKK   Document 1173-1   Filed 05/23/22   Page 22 of 22
Case 1:03-cr-00331-CKK   Document 888-1   Filed 11/28/16   Page 20 of 20
USCA Case #18-3033   Document #1787550   Filed: 05/13/2019   Page 238 of 371

| SEAL |  | SEAL |
|---|---|---|
| Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Secretary | | Drug Trafficking Activities and Crimes against the environment Penal Sentences Third Court Judicial Entity |

States, and I, II and III of the supplementary convention to the extradition treaty, 19, 20, 21, 22, of the regulating law of extradition procedures, Accord 19-2004 of the Honorable Supreme Court of Justice; 141, 142, 143, of the Law of Judicial Entities, DECIDING BY UNINAMITY IT DECLARES: I) THAT THE EXTRADITION OF THE GUATEMALAN CITIZEN ELIU ALEXANDER LORENZANA CORDON and /or ELIO ALEXANDER LORENZANA CORDON IS APPROPIATE, for what has been mentioned above. II) That by this resolution being firm, this decision be certified to the Secretary of the Supreme Court of Justice, for the resulting legal effects; III) being that the required one is kept on provisional detention, it is ordered that he continues in the same situation, until this order is executed: IV) notify.

Attorney Saul Orlando Alvarez Ruiz
Presiding Judge
Illegible signature

Attorney Julio Jeronimop Xitumul
Judge
Illegible signature

Attorney Cesar Augusto Amezquita Ruano
Judge
Illegible Signature

Attorney Alex Antolin Morales Alvares
Secretary
Illegible Signature

19