UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) ) | CASE NUMBER: 03-331 (CKK) |
| **WALDEMAR LORENZANA-CORDON,** **ELIU LORENZANA-CORDON,** | ) ) ) | |
| **Defendants.** | ) ) | |

**GOVERNMENT'S MOTION TO CONTINUE DEADLINE FOR FILING RESPONSE AND MOTION TO UNSEAL**

The United States of America, by and through the undersigned attorneys, hereby files a Motion to Continue the Deadline for the Government's Responses to Defendants' Motions to Vacate under 28 U.S.C. § 2255. The Government respectfully requests a sixty-day continuance of the filing deadline. Additionally, for the reasons set forth below, the Government requests to unseal the Government's Opposition to the Defendant's Motion to Dismiss Based Upon the Statue of Limitations, dated November 9, 2016. In support of these requests, the Government states the following:

**BACKGROUND**

On April 2, 2009, a federal grand jury returned an indictment against Defendants Waldemar and Eliu Lorenzana-Cordon (the "Defendants"), as well as thirteen other Defendants, charging them with conspiring to manufacture, distribute and import cocaine into the United States from in or around March 1996 through 2009. Defendants were subsequently extradited to the United States from Guatemala. On March 22, 2016, after a five week trial, a jury returned guilty verdicts against both the Defendants for one count of conspiracy to import five kilograms or more of cocaine into the United States, and to manufacture and distribute five kilograms or

1

more of cocaine, intending and knowing that that it will be unlawfully imported into the United States, in violation of 21 USC § 952, 959, 960(b)(1)(B)(ii), 963 and 18 USC §2.  On May 10, 2018, this Court sentenced both the Defendants to a term of life imprisonment.  On January 31, 2020, the D.C. Court of Appeals affirmed the Defendants' convictions.  *U.S. v. Lorenzana-Cordon*, 949 F.3d 1 (rehearing *en banc* denied on August 31, 2020).  On May 24, 2021, the Supreme Court denied Eliu Lorenzana-Cordon's petition for *writ of certiorari*.  *U.S. v. Lorenzna-Cordon*, 141 S.Ct. 2688 (2021).

On January 12, 2022, the Defendant Waldemar Lorenzana-Cordon filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence.  ECF No. [1166].  Pursuant to a Minute Order entered on June 6, 2022, this Court directed the Government to file its response by July 18, 2022.  On May 23, 2022, the Defendant Eliu Lorenzana-Cordon also filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence.  ECF No. [1173].  Pursuant to a Minute Order entered on May 31, 2022, this Court directed the Government to file its response by July 12, 2022.

**MOTION TO CONTINUE DEADLINE FOR FILING GOVERNMENT'S RESPONSE**

Following the Court's May 23 and June 6 Minute Orders, the Government began preparing its responses.  In its preparation, the Government recently identified a previous filing under seal (Government's Opposition to the Defendant's Motion to Dismiss Based Upon the Statue of Limitations, dated November 9, 2016, ECF No. [883-2]).  The Government believes that the referenced filing has relevant information that is directly responsive to arguments raised in Defendants' motions.  The Government is seeking to unseal this filing in support of its response.  The Government needs additional time to obtain the necessary filing and complete its

responses.  Given the age of the case, and lengthy procedural history, the Defendants will not be prejudiced by a sixty-day continuance.

## **GOVERNMENT'S MOTION TO UNSEAL**

The Defendants advance similar arguments in their respective 2255 motions; one of their principal claims is that there was a material defect in the extradition request that the United States government sent to the Republic of Guatemala. ECF No. [1166] at 25–40 and ECF No. [1173] at 2-9.  Specifically, the Defendants allege that the extradition request erroneously enlarged the time frame of the conspiracy and added additional co-conspirators *ex post facto*, which violated the jurisdictional extradition treaty as it constitutes an amendment to the indictment presented to the Republic of Guatemala for extradition."

However, the Defendants previously made similar claims in a Motion for Dismissal Based Upon the Statute of Limitations filed on October 12, 2016 (ECF No. [874]) which the Government has addressed in its Opposition to the Defendant's Motion to Dismiss Based Upon the Statue of Limitations, dated November 9, 2016 (Gov. Opp. To Def. Mot., ECF No. [883-2].).  The Defendant (Eliu Lorenzana-Cordon) attached as Exhibit 1 to his Motion to Dismiss, the extradition affidavit of former Narcotic and Dangerous Drug Section ("NDDS") prosecutor Mary Toscano pertaining to the extradition of the Defendant's father, Waldemar Lorenzana Lima, which was based upon the second superseding indictment returned on March 10, 2009.  *See* Def. Mot. Ex. 1 at 9-25.  The second superseding indictment was sealed except for use to facilitate the extradition of the Defendants.  The Defendants were extradited on the third superseding indictment, which was returned on April 2, 2009.  A copy of the Government's extradition affidavit executed by NDDS Prosecutor Janet Turnbull on December 9, 2011 was attached to the Government's response. *See* Gov. Opp. to Def. Mot., ECF No. [883-2], Ex. 1.  Because the Indictment remains under seal and

3

the Government's extradition affidavit includes the names of under seal Defendants, the Government filed the Opposition under seal and requested that the Court remove from the public docket the Defendant's Motion to Dismiss. The Government previously addressed the Defendant's allegation in its Opposition to the Defendant's Motion to Dismiss Based Upon the Statue of Limitations, dated November 9, 2016, ECF No. [883-2].

WHEREFORE, the Government respectfully requests a sixty-day continuance of the Government's deadline to file its responses. Given that both Defendants are incarcerated and unrepresented, the Government has not been able to contact them to obtain their position on this request. The Government further requests an unsealing order for the Government's Motion in Opposition to the Defendant's Motion to Dismiss Based Upon the Statue of Limitations, dated November 9, 2016, ECF No. [883-2].

Respectfully submitted this 8th day of July, 2022.

ARTHUR G. WAYTT, Chief
Narcotic and Dangerous Drug Section
United States Department of Justice
Criminal Division

By:    _____/s/_____
Douglas Meisel, Trial Attorney
Teresita Mutton, Trial Attorney
Imani Hutty, Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice, Criminal Division
Washington, D.C. 20530
Phone: (202) 598-2281
Douglas.Meisel@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing Government's Motion to Continue on July 8, 2022, using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                                         /s/
                                        Douglas Meisel, Trial Attorney
                                        Teresita Mutton, Trial Attorney
                                        Imani Hutty, Trial Attorney
                                        Narcotic and Dangerous Drug Section
                                        U.S. Department of Justice, Criminal Division