UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ELIU ELIXANDER LORENZANA-CORDON,<br><br>    Defendant. | Criminal No. 03cr331-13 (CKK) |

MEMORANDUM OPINION
(November 17, 2022)

Presently before the Court is Defendant Eliu Elixander Lorenzana-Cordon's [1207] *pro se* Motion for and or Request for Bail in Relation to Pending Motion Under Title 28 U.S.C. §2255, pursuant to Title 18 U.S.C. §3143. Defendant requests that he be released on bail during the pendency of his ongoing proceedings under 28 U.S.C. §2255. After a jury trial, Defendant was convicted of Conspiracy to Import Five Kilograms or More of Cocaine into the United States and to Manufacture and Distribute Five Kilograms or More of Cocaine, Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States, and Aiding and Abetting. *See* Verdict Form, ECF No. 800. Defendant was sentenced, on February 22, 2018, to a life term less six months with credit for time served in Guatemala and the United States. *See* Judgment, ECF No. 998. Defendant's judgment of conviction was affirmed by the United States Court of Appeals for the District of Columbia ("D.C. Circuit") on January 31, 2020. *See* Judgment, ECF No. 1147-1.

Defendant has moved for bail during the pendency of this Court's consideration of his motion brought pursuant to 22 U.S.C. §2255, wherein Defendant alleges that he received ineffective assistance of appellate counsel and further, that his constitutional rights were violated

through prosecutorial misconduct and false imprisonment. In support of his request for bail, Defendant relies upon 18 U.S.C. §3143 and *Cherek v. United States*, 767 F.2d 335 (7th Cir. 1985). The Court notes preliminarily that Section 3143, which provides for release of defendants pending sentence or appeal, is not applicable to defendant engaged in federal habeas corpus proceedings, whether made under Section 2254 or 2255. *See e.g., Chernek*, 767 F.2d at 337; *United States v. Dansker*, 561 F.2d 485, 486-87 (3d Cir. 1977); *Ballou v. Massachusetts*, 382 F.2d 292, 293 (1st Cir. 1967). Accordingly, Defendant in the instant case is not entitled to relief on the basis upon which he has sought it. However, the Court does have inherent authority to grant release to a habeas petitioner during the pendency of a proceeding, although this power to grant bail in habeas cases should be used sparingly. *See Cherek*, 767 F.2d at 337 ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal.") In *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986), the D.C. Circuit noted that "[i]n a § 2255 proceeding, the court's jurisdiction to order release . . . includes an inherent power to grant bail or release, pending determination of the merits[.]" But a "release request in such proceedings" requires a "heightened standard requiring a showing of exceptional circumstances." *Kelly*, *id.* (citing *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969)).

In order to prevail on a motion for release on bail in a habeas case, the habeas petitioner must make a "greater showing of special reasons for admission to bail pending review" when the applicant is "incarcerated because he has been tried, convicted, and sentenced by a court of law." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). In this case, after a five-week jury trial, on March 22, 2016, Defendant was found guilty of one count of conspiracy to manufacture and distribute five

kilograms or more of cocaine with the intent to unlawfully import it into the United States. Thereafter, prior to sentencing, Defendant filed two rounds of post-conviction motions for acquittal and a new trial, as well as a motion to dismiss. On June 2, 2017, this Court issued an order and opinion denying all of Defendant's motions. *See* ECF Nos. 928, 929. On December 1, 2017, Defendant filed another motion for a new trial, which was subsequently denied by this Court. *See* Order, ECF No. 991. Defendant was sentenced on February 22, 2018 to life imprisonment, and he timely filed a Notice of Appeal. The D.C. Circuit affirmed Defendant's conviction in *United States v. Lorenzana-Cordon*, 949 F.3d 1 (D.C. Cir. 2020), *rehearing en banc denied* (2020), and Defendant's petition for a writ of certiorari was denied in *United States v. Lorenzana-Cordon*, 141 S. Ct. 2688 (2021). Subsequently, Defendant filed his motion pursuant to 28 U.S.C. § 2255. Without opinion as to the merits of Defendant's arguments therein, the Court finds that Defendant's chance of success is not readily apparent. Furthermore, Defendant – who is serving a life sentence for a charge involving an international drug trafficking conspiracy – is not a good candidate for release on bail.

Accordingly, this Court shall DENY Defendant Eliu Elixander Lorenzana-Cordon's [1207] *pro se* Motion for and or Request for Bail in Relation to Pending Motion Under Title 28 U.S.C. §2255. A separate Order accompanies this Opinion. This Court notes that an order denying bail pending the resolution of Defendant's Section 2255 motion has been treated as appealable as a collateral order. *See, e.g. Grune v. Coughlin*, 913 F.2d 41, 42 (2d Cir. 1990); *United States v. Smith*, 835 F.2d 1048, 1049-50 (3d Cir. 1987); *Cherek*, 767 F.2d at 337.

_____/s/_____

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE